UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**LANNY RAY WALTERS and**
**LOIS ANN WALTERS**

**VERSUS**                                    CIVIL ACTION NO. _____

**DONALD SMITH, M.D. and**
**OVERTON BROOKS VA MEDICAL**
**CENTER**

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes and appears **LANNY RAY WALTERS** and **LOIS ANN WALTERS,** husband and wife, who are major residents of Ouachita Parish, Louisiana, and bring this action based upon the following, to wit:

1.

Made defendants herein are:

(a)  **DONALD RAY SMITH, MD.,** who upon information and belief is a practicing neurosurgeon in Shreveport, Caddo Parish, Louisiana;

(b)  **OVERTON BROOKS VA MEDICAL CENTER**, upon information and belief, is a medical facility authorized to receive and treat veterans for medical treatment in Shreveport, Caddo Parish, Louisiana, including its physicians, nursing staff, and other employees.

2.

Complainant, Lanny Ray Walters was formerly treated by Dr. Donald Ray Smith at the

Overton Brooks VA Medical Center in Shreveport, Louisiana.

3.

Prior to his admission at Overton Brooks VA Medical Center in June 2007, Lanny Ray Walters was employed by Amethyst Constructions. Until May 30, 2007, or immediately before his admission, Mr. Walters was able to perform any duty within his job description of a laborer/carpenter.

4.

On June 1, 2007, Mr. Walters was admitted to the Neurologist Clinic at Overton Brooks VA Medical Center to undergo a surgical procedure to repair a herniated disc in his neck. Upon his admit, Mr. Walters complained of left shoulder pain.

5.

An MRI of the cervical spine indicated spinal stenosis at the C5/6 disc space due to a disc protrusion. On the day of the admit, surgery by Dr. Smith consisted of diskectomy and fusion to remove the disc and remove the pressure off his spinal cord.

6.

Post-operatively, Lanny Ray Walters reported left-sided numbness, which included numbness in his left leg and decreased grip in his left hand. Mr. Walters underwent a CT scan at that time that showed calcified ligament but not significant hematoma. He was started on steroids and monitored.

7.

On the morning of June 2, 2007, Mr. Walters continued to have left hand grip weakness and his numbness had progressed to bilateral numbness from approximately a T-10 sensory level down. A repeat CT scan again showed the calcified posterior ligament pressing into the cord, as well as

evidence of some new hemorrhage at the area of the surgery that also seemed to be compressing the cord.

8.

Urgently, Lanny Ray Walters was taken to the operating room for a second time, and his second incision was opened up and re-explored by defendant.  A hematoma was found in the epidural space at the level of the surgery, and a significant calcified ligament that was pressing into the cord.

9.

During the second surgery, the clot was evacuated and attempted to decompress the calcified ligament at that time.

10.

The second surgery rendered Lanny Ray Walters even more impaired.  Although his left sided strength seemed to become better, Mr. Walters was noticeably weaker on his right grip and right leg. He continued to have significant leg numbness.

11.

After the second surgery by the defendant, the initial plan of action was to continue Lanny Walters on high dose steroids and aggressive therapy.

12.

Lanny Ray Walters continued to have urinary retention and bilateral lower extremity numbness, as well as right sided weakness.   His strength showed no significant improvement.

13.

Defendant waited four additional days, or until June 6, 2007, to perform an MRI, that showed evidence of calcified posterior longitudinal ligament compressing the spinal cord anteriorly

at C5/6.  New at that time was evidence of cord signal changes evident at this level.

14.

For the third time, Lanny Ray Walters was taken to the operating room where he underwent a posterior cervical decompression from C3 to C6 by Dr. Smith.  Post surgery, he had new left arm spasticity and continued leg numbness.  He continues to have the leg numbness and had to undergo bladder training and now voids with the Foley and bladder training.  He had a small hematoma under the anterior neck incision, and was discharged on June 11, 2007, with a soft cervical collar for comfort.

15.

The discharge diagnosis for Lanny Ray Walters consisted of severe cervical stenosis at the C5/6.  The third surgery resulted in loss of control of his left arm and no change in the condition of his legs.  Mr. Walters walked into the VA Medical Center in Shreveport under his own power and left on a stretcher for rehabilitation center in hopes of regaining some control of his body.  In July and August 2007, Mr. Walters was a patient at the Touro Rehabilitation Center in New Orleans for approximately one month.

16.

A letter from the Department of Veterans Affairs at Overton Brooks Medical Center in Shreveport states that "Mr. Lanny Ray Walters is currently being followed in Neurology and is handicapped from surgery performed in June 2007.  He is unemployable due to his disability.  We are unsure of how long he will continue in this condition."   This October 5, 2007 letter is from James W. Holden, PA-C, Neurology Service.

17.

To date, Lanny Ray Walters has continued with paralysis in his lower body, weakness on

his right side, and remains unable to work.

18.

Defendants, Dr. Donald Ray Smith and Overton Brooks VA Medical Center, including its physicians, nurses, and staff, was negligent in the care delivered and the care that should have been delivered unto Lanny Ray Walters, including, but not limited to the following:

(A) In failing to perform properly a diskectomy and fusion to remove the disc;

(B) In performing a procedure improperly, which caused a hematoma in the epidural space;

(C) In performing a procedure improperly, which caused significant calcified ligament that was pressing into the cord;

(D) In attempting to decompress the calcified ligament in an improper manner during a second surgery;

(E) In failing to order MRI timely;

(F) In performing a posterior cervical decompression from C3 to C6 in an improper manner during the third surgery;

(G) In failing to implement plan and interventions in a timely manner;

(H) In failing to provide proper treatment;

(I) In failing to use due care and appropriate standards commensurate therewith;

(J) In failing to provide medical care consistent with the appropriate standards;

(K) In failing to use good medical judgment regarding the patient's treatment and diagnosis; and

(L) Failure to use due care and appropriate standards commensurate therewith.

19.

Due to defendant's negligence, Lanny Ray Walters has suffered damages, and avers that he is entitled to general and special damages for his pain and suffering, past, present and future; mental anguish, past, present and future; medical expenses, past, present and future; lost wages, past, present and future; and physical impairment, past, present and future.

20.

Lois Ann Walters, as the wife of Lanny Ray Walters, has a claim herein for loss of consortium due to her husband's injuries.

21.

Complainants further aver that they are entitled to an award in an amount to be determined by this Honorable Court at the time of trial to be reasonable in the premises, plus legal interest and all costs of this matter.

22.

That this is the Court of proper jurisdiction and venue inasmuch as the defendant, Dr. Donald R. Perry and Overton Brooks VA Medical Center, was at all times material herein a federally supported medical healthcare provider covered by the Federal Tort Claims Act.

23.

Complainants show that prior to the filing of this Complaint, a Federal Tort Claims Action was filed on their behalf on May 16, 2008.  More than six months have passed since the filing of their administrative claim, and no denial or action has been taken on said claim.  Therefore, per 28 U.S.C. Section 2401(b), complainants now file this Complaint.

**WHEREFORE, COMPLAINANTS, LANNY RAY WALTERS AND LOIS ANN WALTERS, PRAY** that defendant, DR. DONALD R. PERRY and OVERTON BROOKS VA

MEDICAL CENTER, be served with a copy of this Complaint and be cited to answer same and that after all due proceedings are had, there be judgment herein in favor of complaints and against defendants for all general and special damages sustained by them, plus legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for any further relief as equity and the cause may require.

          Respectfully submitted,

          RICHARD L. FEWELL, JR.
          1315 Cypress Street
          P. O. Box 1437
          West Monroe, LA   71291
          Telephone: (318) 388-3320
          Facsimile:   (318) 388-3337

          _____s/Richard L. Fewell, Jr.____
          Richard L. Fewell, Jr.
          La. Bar No. 18891

PLEASE SERVE:

**Dr. Donald Ray Smith**
Neurosurgery
Department of Veterans Affairs
Overton Brooks Medical Center
510 East Stoner Avenue
Shreveport, LA   71101

**Overton Brooks Medical Center**
510 East Stoner Avenue
Shreveport, LA   71101