**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **LANNY RAY WALTERS AND LOIS ANN WALTERS** | * | **CIVIL ACTION NO. 09-1778** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **DONALD SMITH, M.D. AND OVERTON BROOKS VA MEDICAL CENTER** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, are motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) [doc. # 14] and for summary judgment pursuant to Federal Rule of Civil Procedure 56 [doc. # 15] filed by defendant, Ronald R. Smith. For reasons assigned below, it is recommended that the motion to dismiss for lack of subject matter jurisdiction [doc. # 14] be GRANTED, and that the remaining motions be DENIED, as moot.

**Background**

On October 13, 2009, Lanny Ray Walters and his spouse, Lois Ann Walters filed the instant medical malpractice action against Donald Ray Smith, M.D. ("Smith") and the Overton Brooks VA Medical Center ("VA Center") to recover damages sustained by Lanny Ray Walters purportedly as a result of surgical procedures performed by Smith from June 1-11, 2007, at the VA Center. (Complaint).[1] Plaintiffs' complaint suggests that it was filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. *See* Compl., ¶¶ 22-23.

---

[1] Lois Ann Walters seeks to recover damages for loss of consortium. (Compl. ¶ 20).

On April 26, 2010, defendant Smith filed the instant motions to dismiss for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and for summary judgment. In his motions, Smith contends that the complaint fails to establish a basis for subject matter jurisdiction against him. Alternatively, he argues that if this action arises under the FTCA, then plaintiffs do not state a claim against him because only the United States is a properly named defendant in a FTCA case. In the event that this court finds subject matter jurisdiction sufficient to entertain a state law tort claim against him, Smith argues not only that any such claim has prescribed, but also that a state court has already so held, i.e., res judicata.

On June 1, 2010, plaintiffs filed an omnibus memorandum in opposition to the motions. On June 7, 2010, Smith filed reply memoranda. The matter is now before the court. Because subject matter jurisdiction is required to reach the merits of a case, the court addresses this issue first. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007).

## **Law and Analysis**

### **I. Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an

action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The instant motion raises a "facial attack."

In their response to defendant's motions, plaintiffs do not pause to address subject matter jurisdiction at all. Compounding the problem is the fact that plaintiffs' complaint did not invoke any specific statutory authorization to support subject matter jurisdiction. Nevertheless, when, as here, "a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980).

As Smith aptly points out, the complaint contains no allegations to support diversity jurisdiction, 28 U.S.C. § 1332.[2] Insofar as federal question is concerned,[3] the court observes that "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

---

[2] For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Moreover, the amount in controversy must exceed $ 75,000. 28 U.S.C. § 1332.

[3] 28 U.S.C. § 1331.

that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). The sole invocation of federal law found within plaintiffs' complaint is a reference to the FTCA. (Compl., ¶¶ 22-23). However, the FTCA has its own jurisdictional authorization set forth in 28 U.S.C. § 1346(b)(1), that remains distinct from federal question jurisdiction. *See CNA v. United States*, 535 F.3d 132, 140 (3rd Cir. 2008) (distinguishing between FTCA jurisdiction and general grant of jurisdiction under § 1331).

Under the FTCA, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . ." for certain torts of federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 1346(b) & 2671. The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees. 28 U.S.C. § 2679. The Act provides a limited waiver of sovereign immunity, and suits filed thereunder must be filed in exact compliance with its terms. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971).[4]

It is beyond cavil that in an FTCA action, the proper party defendant is the United States -- not the responsible agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860

[4] The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *Unted States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).

F.2d 181, 183 (5th Cir. 1988). Furthermore, "an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act. Thus, an FTCA claim against *a federal agency or employee* as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (internal citations omitted) (emphasis added).

Accordingly, the FTCA does not confer jurisdiction to support plaintiffs' claim against Smith. In addition, even if plaintiffs had urged supplemental jurisdiction as a basis to hear their claim against Smith, resort to this jurisdictional statute would prove unavailing because the supplemental jurisdiction statute presupposes at least one claim that confers original subject matter jurisdiction. *See* 28 U.S.C. § 1367. Here, however, plaintiffs' claim against the VA Center is also jurisdictionally bereft. *See Galvin, supra*. Thus, this court lacks subject matter jurisdiction to adjudicate not only plaintiffs' claim against Smith, but also plaintiffs' claim against the VA Center. In the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3).[5]

## II. Prescription and Res Judicata

Having determined that this court lacks subject matter jurisdiction to entertain this matter,

---

[5] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*; see also *Galvin, supra* (dismissed for lack of jurisdiction despite government agency's failure to emphasize lack of jurisdiction).

In this case, the government has provided plaintiffs with ample notice that the United States of America, and not one of its departments or agencies, is the only proper party defendant in an FTCA action. *See* Answer, ¶ 1 (also referencing a Nov. 10, 2009, denial letter); VA Center's Reply to MSJ [doc. # 25], ¶ 1; *see also* Rule 26(f) Report (indicating that *both* defendants challenge the court's subject matter jurisdiction).

the court cannot reach the merits of plaintiffs' claim against Smith. "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Intern. Co. Ltd., supra* (citation and internal quotation marks omitted).

**Conclusion**

For the reasons set forth above, the undersigned finds that plaintiffs have failed to establish a basis for subject matter jurisdiction to support their claims against Smith and the VA Center. Dismissal is required. Fed.R.Civ.P. 12(b)(1) & (h)(3). Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss for lack of subject matter jurisdiction [doc. # 14] filed by defendant, Ronald R. Smith, be **GRANTED**, and that plaintiffs' complaint against defendants, Donald Ray Smith, M.D., and the Overton Brooks VA Medical Center be **DISMISSED, without prejudice**, in its entirety. Fed.R.Civ.P. 12(b)(1) & (h)(3)

**IT IS FURTHER RECOMMENDED** that the motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment [doc. #s 14 & 15] filed by defendant, Ronald R. Smith, otherwise be **DENIED, as moot**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day June 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE