United States Court of Appeals
Fifth Circuit

## UNITED STATES COURT OF APPEALS

**F I L E D**

February 3, 2011

RECEIVED
BY: _____

## FOR THE FIFTH CIRCUIT

Lyle W. Cayce
Clerk

APR 0 4 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

No. 10-30827
Summary Calendar

D.C. Docket No. 3:09-CV-1778

LANNY RAY WALTERS; LOIS ANN WALTERS,

      Plaintiffs - Appellants

v.

DONALD R. SMITH; OVERTON BROOKS VETERANS AFFAIRS MEDICAL
CENTER,

      Defendants - Appellees

Appeal from the United States District Court for the
Western District of Louisiana, Monroe

Before KING, BENAVIDES, and ELROD, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and the briefs on
file.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to
defendants-appellees the costs on appeal to be taxed by the Clerk of this
Court.

ISSUED AS MANDATE: **29 MAR 2011**

A True Copy
Attest    **29 MAR 2011**

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
         Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2011

No. 10-30827
Summary Calendar

Lyle W. Cayce
Clerk

LANNY RAY WALTERS; LOIS ANN WALTERS,

Plaintiffs - Appellants

v.

DONALD R. SMITH; OVERTON BROOKS VETERANS AFFAIRS MEDICAL
CENTER,

Defendants - Appellees

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-1778

_____

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Lanny Walters allegedly received negligent medical care from
defendants Dr. Donald Smith and Overton Brooks Veterans Affairs Medical
Center in June 2007.  Walters and his wife, Lois Walters, sued Smith and
Overton Brooks under the Federal Tort Claims Act (FTCA) in federal court on

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 10-30827

October 13, 2009. Walters and Smith are both residents of Louisiana. Adopting
a magistrate judge's report and recommendation, the district court dismissed the
Walters' action for lack of subject matter jurisdiction. The Walters appealed.

Federal subject matter jurisdiction is limited and must be conferred by
Congress within the bounds of the Constitution. *See, e.g.*, U.S. CONST. art. III,
§ 2; *Cary v. Curtis*, 44 U.S. 236, 245 (1845); *Marbury v. Madison*, 5 U.S. (1
Cranch) 137, 176, 179 (1803). Litigants cannot bestow subject matter
jurisdiction on federal courts by waiver or consent. *See, e.g.*, *Mitchell v. Maurer*,
293 U.S. 237, 244 (1934).

The Walters do not contend that there is federal question or diversity
jurisdiction over this action, and we conclude that there is no such jurisdiction.
The Walters and Smith are not diverse, *see, e.g.*, *Exxon Mobil Corp. v. Allapattah
Servs., Inc.*, 545 U.S. 546, 553-54 (2005) (observing that 28 U.S.C. § 1332
requires complete diversity), and no federal question is presented on the face of
the Walters' complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392
(1987) (observing that 28 U.S.C. § 1331 requires a federal question to be
presented on the face of the plaintiff's properly pleaded complaint).

The Walters contend that the FTCA confers federal jurisdiction over this
action. Federal district courts have "exclusive jurisdiction of civil actions on
claims against the United States, for money damages . . . for . . . personal injury
or death caused by the negligent or wrongful act or omission of any employee of
the Government while acting within the scope of his office or employment . . . ."
28 U.S.C. § 1346(b)(1). It is well established that FTCA claims may be brought
against only the "United States," and not the agencies or employees of the
United States. *See, e.g.,* 28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA

2

No. 10-30827

does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) (The "FTCA requires that the named defendant in an FTCA action be the United States and only the United States."); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Indeed, we have specifically found that the Department of Veterans Affairs and its doctors are not proper parties to an FTCA action. *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975); *see also Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). In short, the FTCA does not provide a jurisdictional basis for the Walters' claims against Smith and Overton Brooks.

The Walters did not seek leave from the district court to amend their complaint to assert claims against the United States, nor do they assert on appeal that they are entitled to such relief. Because there is no jurisdictional basis for the Walters' claims against Smith and Overton Brooks, this action was properly dismissed.

AFFIRMED.

3

# United States Court of Appeals
### FIFTH CIRCUIT
#### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

March 29, 2011

Mr. Tony R. Moore
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 10-30827,  Lanny Walters, et al v. Donald Smith, et al
        USDC No. 3:09-CV-1778

Enclosed, for the Western District of Louisiana, Monroe only, is
a copy of the judgment issued as the mandate.

Enclosed, for the Western District of Louisiana, Monroe only, is
a copy of the court's opinion.

The electronic copy of the record has been recycled.

        Sincerely,

        LYLE W. CAYCE, Clerk

        *Dantrell Johnson*
        By: _____
        Dantrell L. Johnson, Deputy Clerk
        504-310-7689

cc: (letter only)
    Honorable Robert G. James
    Mr. John A. Broadwell
    Mr. Richard L. Fewell, Jr.
    Mr. Brian David Landry

P.S. to Judge James:  A copy of the opinion was sent to your
office via email the day it was filed.

*MDT-1*